**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| IN RE: | ) | |
| GARY W. MCGUIRE | ) | CASE NO: 10- |
| | ) | CHAPTER 13 |
| DEBTOR(S). | ) | |

## CHAPTER 13 PLAN

Debtor or Debtors (hereafter Debtor) proposes:

1. **PLAN TERMS**:

a. The Plan shall run for 60 months. In any event the Debtor reserves the right to extend the Plan to 60 months.

b. Plan payments shall be in the following amounts:

| | | | | |
|---|---|---|---|---|
| $1,000.00 | for | 60 | months = | 60,000.00 |
| $ | for | | months = | |
| $ | for | | months = | |

Total of all payments: $60,000.00

c. Plan payments shall be made by:

☐ Employer pay order directed to:

☐ Debtor's Employer
(retype Debtor's name for clarification)

Payment order to this employer shall be in the monthly amount of: $
Employer name and address:

☐ Joint Debtor's Employer
(retype Joint Debtor's name for clarification)
Payment order to this employer shall be in the monthly amount of: $
Employer name and address:

☒ Debtor pay order directed to Debtor

d. The terms of the Plan shall also provide:

2. **APPLICABLE COMMITMENT PERIOD**: The Applicable Commitment Period is based upon the Debtor's Official Bankruptcy Form B22C. The amount proposed to be paid for unsecured debt is at least the amount required to be paid for the Applicable Commitment Period.

| | |
|---|---|
| a. The Applicable Commitment Period ("ACP")is: | 36 |
| b. The disposable income on Form 22C, Line 59 is: | $0.00 |
| c. The Form 22C disposable income multiplied by the ACP is: | $0.00 |

**IF LINE 2(c) AS STATED ABOVE IS GREATER THAN ZERO, THEN IT IS ANTICIPATED THERE WILL BE FUNDS PAID TO GENERAL UNSECURED CREDITORS.**

**OTHER PROVISIONS PERTINENT TO ¶ 2 INCLUDING *IN RE LANNING* DEVIATION FROM FORM 22C DISPOSABLE INCOME:**

3. **ADMINISTRATIVE FEES:**

a. The Chapter 13 Trustee shall be paid up to 10% on all funds disbursed by her.

b. Debtor's attorney fees will be paid through the Plan the balance of fees as stated below. The balance of fees will be paid over the number of months stated below, but the Trustee may modify such monthly payment as is necessary to make the Plan feasible. Counsel for Debtor reserves the right to submit additional fee applications either on a time and charges basis or for specific tasks. The Debtor consents to such increases in plan payments as may be necessary to pay such additional fees.

| | |
|---|---|
| Total fees for the case: | $3,000.00 |
| Total fees paid to date: | $2,000.00 |
| Total fees to be paid directly by Debtor: | $ |
| **Balance of fees to be paid through the Plan:** | **$1,000.00** |
| Number of months over which fees shall be paid: | 10 |

**OTHER PERTINENT PROVISIONS FOR ¶ 3:**
**In addition to the above, Debtor's counsel receive: (a) $350 for case closing work; and (b) such other fees as are allowed upon appropriate application and order.**

4. **FILING FEE**:

☒ The filing fee has been paid.
**OR**
☐ The filing fee will be paid by the Trustee from payments made by the Debtor.

**OTHER PERTINENT PROVISIONS FOR ¶ 4:**

5. **TAX RETURNS:**

a. Debtor will timely file all tax returns during the pendency of this case.

b. Federal and state tax returns for the preceding four years:

☒ have been filed; or,

☐ have not been filed. Debtor has not filed returns for the following years: .

**OTHER PERTINENT PROVISIONS FOR ¶ 5:**

6. **DOMESTIC SUPPORT OBLIGATIONS:**

Domestic Support Obligations are defined by 11 U.S.C. § 101(14A). The definition usually encompasses most child support and alimony obligations.

a. **Status:**

1) ☐ The Debtor does NOT owe a domestic support obligation.

2) ☒ The Debtor DOES owe a domestic support obligation. (Continue completing this entire section.) Such obligation consists of payments that are: (select the following that are applicable)

☒ Ongoing;

☐ Arrearage;

☐ Arrearage only.

b. **Ongoing post-petition payments:** The Debtor shall continue to pay any ongoing domestic support obligation outside the plan pursuant to an existing payment order. If the Debtor does not have an existing payment order, then the Debtor must specify treatment of the ongoing domestic support obligation in the Other Pertinent Provisions section immediately following this section.

c. **Arrearages:** Any arrearage existing as of the date of the filing of the case

☐ will be paid through the plan; or,

☐ will be paid directly outside the plan through an existing repayment order.

d. **Payment of domestic support obligation arrearage claims:**

☐ This Plan proposes to pay all pre-petition domestic support obligation arrearages in full.

☐ This Plan does NOT propose to pay all pre-petition domestic support obligation arrearages, as provided in 11 U.S.C. § 507(a)(1)(B), in full. This Plan is the Debtor's best effort to repay the pre-petition domestic support obligation arrearage in light of the Debtor's financial situation. IT IS UNLIKELY ANY DOMESTIC SUPPORT OBLIGATION CREDITOR WILL RECEIVE ANY SIGNIFICANT PAYMENT UNDER THIS PLAN ON THE PRE-PETITION ARREARAGE OBLIGATION.

e. **Summary:** Below is a summary of all domestic support obligations owed.

| NAME OF RECIPIENT | PRE-PETITION ARREARS | POST-PETITION ARREARS |
|---|---|---|
| Tawn McGuire | $0.00 | $0.00 |
| | $ | $ |
| | $ | $ |

f. **Discharge:**

1) If the Debtor pays all domestic support obligation arrearages, if any, and all ongoing domestic support obligation payments, if any, as proposed by this Plan, the Debtor shall be deemed "current" for the purpose of being eligible for discharge, upon completion of the Plan.
2) **Pursuant to 11 U.S.C. § 1328(a), in order for a debtor to receive a discharge, the Debtor must certify all post-petition domestic support obligations are current. Additionally, a debtor must pay, in full, pre-petition domestic support obligation arrearage. If this Plan proposes less than full payment of the pre-petition domestic support obligations then the creditor must accept the lesser treatment.**
3) **Unless a formal objection to this Plan is filed with the Bankruptcy Court prior to confirmation of this Plan, the persons or entities to whom a domestic support obligation is owed will be deemed to have accepted the treatment of their claims through this Plan and will be bound by the terms of the confirmed Plan.**
4) **In any event, the amount of any domestic support obligations remaining unpaid following the completion of the Chapter 13 Plan will not be discharged, but will remain outstanding and collectible.**

NOTE: Debtor shall directly provide the Chapter 13 Trustee with the correct address and phone number for each recipient, the court in which the DSO originated and the case number.

**OTHER PERTINENT PROVISIONS FOR ¶ 6:**

7. **PRIORITY TAX CLAIMS**:

a. **General Provision:** Debtor shall pay all allowed priority claims under 11 U.S.C. § 507, without post-petition interest. The specific dollar amount to be paid shall be in accordance with the creditor's proof of claim, unless the debtor files an objection to the claim. If the taxing authority files a claim with a secured portion, the secured portion will be treated as a secured creditor pursuant to ¶ 10 as set forth below.

b. **Amounts Owed:** Debtor estimates that the following taxing authorities are owed the amounts indicated below.

| TAXING AUTHORITY | EST. AMOUNT OWED |
|---|---|
| 1. IRS | $63,000.00 |
| 2. KDOR | $13,000.00 |
| 3. | $ |
| 4. | $ |

c. **Discharge**: Payments through the Trustee of the principal and pre-petition interest, if applicable, of the tax obligations due as of the date of the filing of the bankruptcy petition shall result in a full and total discharge of all obligations of the Debtor for those taxes.

d. **OTHER PERTINENT PROVISIONS FOR ¶ 7:**

8. **PROPERTY TO BE SURRENDERED:** The following property will be surrendered as indicated:

Any repossession/foreclosure prior to confirmation of this plan must be obtained by filing a motion and obtaining an order from the Court, unless the automatic stay no longer applies under 11 U.S.C. § 362(c). Upon plan confirmation, the automatic stay will be deemed lifted for the collateral identified above for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon or sell the collateral. This provision is not intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| PROPERTY TO BE SURRENDERED | CREDITOR WITH SECURED CLAIM |
|---|---|

**OTHER PERTINENT PROVISIONS FOR ¶ 8:**

9. **REAL ESTATE MORTGAGES: U.S. Bankr. Ct. D. Kan. S.O. 09-2, as currently enacted or subsequently amended, is incorporated herein as though set forth in full. Creditors shall collect and credit payments as required by S.O. 09-2. To the extent any provision of this Plan conflicts with S.O. 09-2, it shall be reformed to the extent that it will comply with S.O. 09-2.**

☐ Debtor has no principal residential real estate mortgage debt.

☐ Debtor is current on all pre-petition mortgage payments, identified below, and will pay all post-petition mortgage payments directly to mortgage creditors.

☐ Debtor is not current on all pre-petition mortgage payments and will pay all post-petition mortgage payments through the plan. The number of post-petition payments

will be equivalent to the number of months from the first post-petition payment due under the plan to the month after the last monthly payment under the plan is made. The first post-petition mortgage payment through the plan will begin with the (month), (year) payment, which is the third mortgage payment due after the filing of the petition. Disbursement of ongoing post-petition mortgage payments from the Chapter 13 Trustee will not begin until a proof of claim from the mortgage holder is filed. At the completion of the term of the plan, Debtor shall resume monthly mortgage payments directly pursuant to the terms of the mortgage contract.

The two monthly post-petition mortgage payments, that come due prior to the commencement of the regular ongoing mortgage payment plus two late fees, plus contract interest shall be paid as an administrative expense (hereinafter, Administrative Expense).

Pre-petition mortgage arrearages will be paid pro-rata with other similarly classed creditors over the life of the plan.

| **REAL ESTATE CREDITOR** | **LIEN PRIORITY (1ST, 2ND,3RD)** | **AMOUNT OWED** | **EST. PRE-PETITION ARREARAGE AMOUNT** | **ONGOING MONTHLY PAYMENT** |
|---|---|---|---|---|
| | | $ | $ | $ |
| | | $ | $ | $ |
| | | $ | $ | $ |
| | | $ | $ | $ |

The amount of the arrearage as specified in the creditor's proof of claim shall govern unless an objection to the claim is filed. Unless otherwise ordered by the Court, interest will be paid as follows:

☒ Interest will not be paid on the pre-petition arrearage

☐ Contract rate interest will be paid on the pre-petition arrearage

☐ Trustee's discount rate interest will be paid on the pre-petition arrearage

If the Debtor pays the pre-petition arrearage amount as determined in the foregoing paragraphs, together with interest, if any, as specified in the plan, all pre-petition defaults shall be cured and the note and other loan documents will be deemed current as of the date of filing, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition or to declare a default of the note, mortgage, or other loan documents based upon pre-petition events.

If the debtor pays the Administrative Expense and all post-petition mortgage payment through the plan, any post-petition default on the debtor's residential home mortgage debt are deemed cured and all payments made on such debt through the date of plan completion are current, with no arrearage, no escrow balance, late charges, cost or attorney fees owing.

**OTHER PERTINENT PROVISIONS FOR ¶ 9:**

10. **SECURED CREDITORS OTHER THAN DEBTS SECURED BY REAL ESTATE.**

**a. Lien retention:** All secured creditors, including 910 car loan creditors as defined by 11 U.S.C. § 1325(a)(9) and "One year loan" creditors as defined by 11 U.S.C. § 1325(a)(9) shall retain their liens pursuant to 11 U.S.C. § 1325(a)(5) and shall be required to release the lien at the time designated by 11 U.S.C. § 1325(a)(5) or as otherwise ordered by the Court.

**OTHER PERTINENT PROVISIONS FOR ¶ 10.a.:**

**b. Monthly payments:** Secured creditors will be paid monthly payments as set forth below from the funds available to pay those claims after the deduction of Trustee fees. If the monthly payment to a secured creditor is not feasible, then the Trustee is authorized to adjust the monthly payment in such manner as to feasibly pay the claim as intended by the Debtor. The adjustment may be made by the Trustee so as long as there are sufficient funds available from the plan payments to adjust the monthly payment as necessary.

**OTHER PERTINENT PROVISIONS FOR ¶ 10.b.:**

**c. Adequate Protection: A CREDITOR MUST FILE A CLAIM TO OBTAIN ADEQUATE PROTECTION AND TO RECEIVE PAYMENTS UNDER THE PLAN. THE PLAN, HOWEVER, WILL DETERMINE THE VALUE OF THE COLLATERAL UNLESS THE OBLIGATION IS A 910 CAR LOAN OR A ONE YEAR LOAN CLAIM.** In the event pre-confirmation adequate protection is paid, any adequate protection paid pre-confirmation will be credited against the allowed secured claim as if the plan were confirmed. All adequate protection payments will be made through the Chapter 13 Trustee pursuant to D. Kan. LBR 3015(b)1(g).

**OTHER PERTINENT PROVISIONS FOR ¶ 10.c.:**

**d. GENERAL SECURED CLAIMS:**

1. Secured creditors (*not 910 car loan or 1 year loan creditors*) listed below shall be paid the value of their collateral or the amount of the claim, whichever is less, unless otherwise specified.

2. The Monthly Payment stated below is the amount of adequate protection to be paid each month as if the plan were confirmed. It is also the monthly amount that will be paid upon confirmation. If the Debtor proposes to pay the general secured claims on a pro rata basis, such provision must be set forth in the "Other Pertinent Provisions" section for ¶ 10.d.

3. Interest will be paid on the secured claims at the following rate and if no rate is selected the Trustee shall pay the current discount rate:

☒ Trustee's current discount rate; or,

☐ %

| CREDITOR | COLLATERAL | DEBT | VALUE | MO. PAYMENT |
|---|---|---|---|---|
| UMB | 1997 Jeep Wrangler | $1,000.00 | $1,000.00 | $prorata |
| | | $ | $ | $ |
| | | $ | $ | $ |

**(For vehicles, please specify the make, model, year, mileage and condition and the method used for determining value.)**

**OTHER PERTINENT PROVISIONS FOR ¶ 10.d.:**

**e. 910 CAR LOAN CREDITORS** The following creditors are "910" creditors, as defined in 11 U.S.C. § 1325(a)(9) who claim a purchase money security interest in a motor vehicle acquired for the personal use of the debtor. The Debtor may not cram down the value without the creditor's agreement if the collateral is a motor vehicle acquired for the personal use of the Debtor. Creditors with 910 car loans will be paid the amount of their claim. The Monthly Payment specified is an estimate and the actual amount may vary, depending upon the allowed claim. The Monthly Payment stated below is the amount of adequate protection to be paid each month as if the plan were confirmed. It is also the monthly amount that will be paid upon confirmation. If the Debtor proposes to pay the claims on a pro rata basis, such provision must be set forth in the "Other Pertinent Provisions" section for ¶ 10.e. Interest will be paid on the secured claims at the following rate:

☒ Trustee's current discount rate; or,

☐ %

| CREDITOR | COLLATERAL | DEBT | VALUE | MO. PAYMENT |
|---|---|---|---|---|
| | | $ | $ | $prorata |
| | | $ | $ | $prorata |
| | | $ | $ | $ |

**OTHER PERTINENT PROVISIONS FOR ¶ 10.e.:**

**f. ONE YEAR LOAN CREDITORS** The following creditors are One Year Loan creditors, as defined in 11 U.S.C. § 1325(a)(9). Debtor proposes to pay these creditors the balance of the debt as indicated below. The following creditors have a purchase money security interest in personal property other than a motor vehicle acquired for the personal use of the Debtor. These claims are for debts incurred within the one-year preceding the filing of the bankruptcy petition. The Monthly Payment specified is an estimate and the actual amount may vary, depending upon the allowed claim. The Monthly Payment stated below is the amount of adequate protection to be paid each month as if the plan were confirmed. It is also the monthly amount that will be paid upon confirmation. If the Debtor proposes to pay the general secured claims on a pro rata basis, such provision must be set forth in the "Other Pertinent Provisions" section for ¶ 10.f. Interest will be paid on the secured claims at the following rate:

☐ Trustee's current discount rate; or,

☐ %

| CREDITOR | COLLATERAL | DEBT | VALUE | MO. PAYMENT |
|---|---|---|---|---|
| | | $ | $ | $ |
| | | $ | $ | $ |
| | | $ | $ | $ |

**OTHER PERTINENT PROVISIONS FOR ¶ 10.f.:**

11. **LIEN AVOIDANCES:** Debtor will seek to avoid the following liens under 11 U.S.C. § 522(f) by the filing of an appropriate motion:

| CREDITOR | COLLATERAL |
|---|---|

**OTHER PERTINENT PROVISIONS FOR ¶ 11:**

12. **SPECIAL CLASS CREDITORS**: Special Class Creditors, if any, are to be paid as specified. Unless otherwise ordered by the Court, Special Class Creditors shall NOT share pro rata in the amount to be paid to unsecured creditors as determined by Form B22C or the liquidated value of the estate per the "Best Interest of Creditors Test" and will be paid pro rata with secured creditors and pre-petition arrearages on home mortgages, or after other creditors.

**OTHER PERTINENT PROVISIONS FOR ¶ 12:**

13. **STUDENT LOAN OBLIGATIONS:** Student loan creditors shall be paid, pro rata, with other general unsecured creditors. Debtor is aware that interest will continue to accrue, post-petition. Further, Debtor is aware that any amount not paid on the student loan debt during this bankruptcy will survive the bankruptcy and will still be owed by the Debtor, unless Debtor files an adversary proceeding to determine the dischargeability of that debt and prevails on the merits.

**OTHER PERTINENT PROVISIONS FOR ¶ 13:**

14. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** Post-petition payments on executory contracts and unexpired leases that are assumed shall be paid directly to the creditor, unless otherwise specified. Any pre-petition arrearages shall be cured by payments to be made directly to the creditor by the Debtor, unless otherwise specified.

**OTHER PERTINENT PROVISIONS FOR ¶ 14:**

15. **PLAN AMENDMENTS:** Debtor hereby reserves the right to modify this plan pursuant to 11 U.S.C. 1329 and to include post-petition debt pursuant to 11 U.S.C. § 1322(b)(6).

16. **GENERAL UNSECURED CREDITORS:** General unsecured claims will be paid after all other unsecured claims, including administrative and priority claims, from the funds to be paid to unsecured creditors either as determined by Official Bankruptcy Form B22C or through satisfaction of the "best interests of creditors test" pursuant to 11 U.S.C. § 1325(a)(4)**,** or both, if applicable.

☒ If this box is selected, the Debtor proposes to pay only those timely filed and allowed general unsecured claims.

**OTHER PERTINENT PROVISIONS FOR ¶ 16:**

17. **"BEST INTERESTS OF CREDITORS TEST."** Pursuant to 11 U.S.C.1325 § (a)(4), Debtor proposes to pay the liquidation value of the property listed below. (List property, explain how the computation of the liquidation value was made or attach a separate document explaining this.) This amount is included in the Plan Terms in ¶ 1 above.

a. **Total liquidation value:** $5000.00

b. **Explanation of Calculation:**

Concergent, LLC units

18. **PROPERTY OF THE ESTATE**: In addition to the property specified in 11 U.S.C. § 541, property of this bankruptcy estate includes all property acquired after the filing of the bankruptcy petition, including earnings. Except as otherwise provided, the Debtor shall remain in possession of all property of the estate.

**OTHER PERTINENT PROVISIONS FOR ¶ 18:**

19. **EFFECT OF CONFIRMATION: ANY CREDITOR FAILING TO OBJECT TO CONFIRMATION OF THE PLAN IS DEEMED TO HAVE ACCEPTED THE PLAN. AN AGREED ORDER MAY BE ENTERED RESOLVING OBJECTIONS TO CONFIRMATION. ONCE CONFIRMED BY THE COURT, THIS PLAN BINDS THE DEBTOR AND EACH CREDITOR, WHETHER OR NOT THE CLAIM OF SUCH CREDITOR IS PROVIDED FOR BY THE PLAN, AND WHETHER OR NOT SUCH CREDITOR HAS ACCEPTED, REJECTED OR OBJECTED TO THE PLAN.**

All property of the estate will vest in the debtor at discharge or dismissal of the case.

Confirmation of the plan shall be deemed a finding by the Bankruptcy Court that the Debtor has complied with all of the applicable sections of 11 U.S.C. §§1322 and 1325 and that Debtors have fulfilled all of their pre-confirmation obligations under 11 U.S.C. § 521.

**OTHER PERTINENT PROVISIONS FOR ¶ 19:**

20. **OTHER GENERAL PLAN PROVISIONS:**
(List any other plan provision here that does not relate to a provision above.)

Dated: October 28, 2010 Debtor: /s/Gary W. McGuire

Debtor: ______________________

/s/Mark J. Lazzo
Attorney for Debtor(s)